Edwin Pairavi, Esq., (State Bar No.: 257290)
edwin@pairavilaw.com
Joshua M. Mohrsaz, Esq., (State Bar No.: 307759)
joshua@pairavilaw.com
PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, California 90067
Telephone: (310)789-2063
Facsimile: (310)789-2064

Attorneys for Plaintiff,
**ROBERT GAUT**

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GAUT, an individual, | CASE NO. 2:19-cv-08294 |
| Plaintiff, | COMPLAINT: |
| vs. | 1. VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (RACIAL DISCRIMINATION);<br>2. VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION) |
| ROBERT WILKIE JR, SECRETARY OF UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

///
///
///
//
///

-1-
COMPLAINT

COMES NOW PLAINTIFF, ROBERT GAUT, who, for causes of action against Defendant ROBERT WILKIE JR, SECRETARY OF UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, complains and alleges as follows:

## NATURE OF ACTION

1. This an action brought by ROBERT GAUT alleging racial discrimination, which is a direct violation of Title VII of the Civil Rights Act of 1964.

2. Title VII of the Civil Rights Act of 1964 expressly prohibits discrimination in employment on the basis of several protected classes, including but not limited to race, color, and/or national origin. *See* 42 U.S.C. § 2000e-2, et seq. Title VII of the Civil Rights Act of 1964 also expressly prohibits retaliation in employment for opposing any unlawful practices. *See* 42 U.S.C. § 2000e-3, et seq. Under Title VII, agencies such as the Department of Veteran Affairs cannot deny qualified individuals employment opportunities or benefits or otherwise discriminate against them on the basis of their race, color, and/or national origin, or to retaliate for opposing such practices. Defendant violated this provision of Title VII, also codified under 42 U.S.C. § 2000e-2(a)(1), and 42 U.S.C. § 2000e-3(a), et seq. by depriving ROBERT GAUT of bonuses, benefits, privileges, and promotions and eventually terminating his employment.

## PARTIES

3. Plaintiff, ROBERT GAUT ("Plaintiff" or "Mr. Gaut") is an individual who was employed by Defendant Department of Veteran Affairs in Los Angeles County in the State of California.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant, ROBERT WILKIE, was and is the Secretary of the United States Department of Veteran Affairs ("Defendant" or "VA").

///

///

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

## JURISDICTION

5. Jurisdiction in the U.S. District Court of the Central District of California is proper pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction, in that this is an action arising under Title VII 42 U.S.C. §§ 2000e-2, and 2000e-3, et seq.

## STATEMENT OF FACTS

6. This case presents the compelling story of a loyal and hard-working employee who was terminated by his employer as a result of racial discrimination.

7. Mr. Gaut was employed by the VA from January 8, 2008 until March 22, 2019. At the time of his termination, Mr. Gaut was a polite and dedicated diagnostic technologist that assisted patients in the Imaging Services department of the facility he was employed.

8. At all relevant times, Mr. Gaut was a conscientious and hard-working employee who capably performed his duties with pride, as objectively demonstrated during his lengthy tenure with the VA. Nonetheless, Mr. Gaut was subject to extensive racial discrimination over the years eleven years of his employment with the VA.

9. Mr. Gaut was continuously denied bonuses, awards, promotions, and trainings in spite of his consistently exceptional performance reviews and the fact lesser qualified co-workers received these same benefits, privileges, and promotions.

10. Over time, Mr. Gaut watched as people who were hired long after him consistently moved up in the ranks while he was never even considered for any promotions. In fact, whenever Mr. Gaut would inquire about moving up to at least a Cat Scan Technologist since *he has the vocational training* for it, the VA never offered any better reason other than he was not "allowed" to.

11. Not only would Defendant fail to consider Mr. Gaut for any upward mobility opportunities, they routinely assigned him "detailing" assignments –

PAIRAVI LAW, P.C.
1875 Century Park East, Suite 480
Los Angeles, CA 90067

1  miscellaneous tasks reserved for new hires that were generally tedious and beneath
2  his qualifications based on skill and tenure.

3      12.    Curiously, another African American co-worker, Phillip McLoughlin,
4  has been stuck with "detailing" assignments for over a year, which is atypical for
5  this line of work. Similarly, Sebastian Black, who is also African American, was or
6  has been stuck in the same position for over *twelve years*.

7      13.    After nine years of being discriminated against, Plaintiff filed a
8  grievance against Defendant in or around August 2017 but nothing came of it.

9      14.    In September 2017, just one month after filing said grievance,
10 Plaintiff was abruptly terminated for failing to perform a number of x-rays in the
11 allotted times required under company policy.

12     15.    Notably, not only were these policies widely known for being
13 unreasonable demands, but *not a single* diagnostic technologist was able to
14 perform all of the duties required in these times.

15     16.    Nonetheless, Plaintiff was the only employee reprimanded, let alone
16 terminated, for this failure to comply. Plaintiff was removed from his position on
17 March 22, 2019.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19     17.    On or around February 26, 2019, Plaintiff opened a case and filed an
20 informal complaint with an EEO counselor. This counseling was concluded on
21 March 22, 2019 because Mr. Gaut opted to retain an attorney. On or around March
22 25, 2019, Plaintiff obtained a Notice of Right to File a Discrimination Complaint.

23     18.    On or around April 5, 2019, Plaintiff filed a formal complaint for the
24 same allegations with the EEO. On June 28, 2019, Plaintiff received a Right to File
25 Civil Action.

26 ///
27 ///
28 ///

-4-
COMPLAINT

# FIRST CAUSE OF ACTION
## VIOLATION OF TITLE VII
### (RACE DISCRIMINATION)
**[42 U.S.C. § 2000e-2, et seq.]**

19. Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained paragraphs 1 through 18.

20. At all times relevant herein, Plaintiff was a member of a protected class, in that he is an African-American male.

21. Defendant has intentionally engaged in unlawful employment practices at its business establishment, in violation of Title VII, 42 U.S sections 2000e-2, specifically subdivision (a)(1), by subjecting Plaintiff to unlawful discrimination on the basis of his race.

22. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

23. As a proximate result of Defendant's willful, knowing and intentional acts of discrimination against Plaintiff, he has sustained losses in earning and interest on those losses, as well as losses of other employment benefits.

24. As a proximate result of Defendant's unlawful and intentional discrimination against him, Plaintiff has suffered and continues to suffer severe emotional distress, mental pain, and anguish, all to his damage in a sum according to proof.

25. As a direct result of Defendant's conduct alleged above, Plaintiff has had to hire an attorney and he has incurred, and continues to incur, legal expenses and attorney's fees. Plaintiff is entitled to an award of attorney's fees and costs.

///
///
///

## SECOND CAUSE OF ACTION
## VIOLATION OF TITLE VII
## (RETALIATION)
## [42 U.S.C. § 2000e-3, et seq.]

26. Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained paragraphs 1 through 25.

27. At all times relevant herein, Plaintiff was a member of a protected class, in that he is an African-American male, and who complained of race discrimination.

28. Defendant has intentionally engaged in unlawful employment practices at its business establishment, in violation of Title VII, 42 U.S sections 2000e-3, specifically subdivision (a), by subjecting Plaintiff to unlawful retaliation as a result of his complaint.

29. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his complaint.

30. As a proximate result of Defendant's willful, knowing and intentional acts of discrimination against Plaintiff, he has sustained losses in earning and interest on those losses, as well as losses of other employment benefits.

31. As a proximate result of Defendant's unlawful and intentional discrimination against him, Plaintiff has suffered and continues to suffer severe emotional distress, mental pain, and anguish, all to his damage in a sum according to proof.

32. As a direct result of Defendant's conduct alleged above, Plaintiff has had to hire an attorney and he has incurred, and continues to incur, legal expenses and attorney's fees. Plaintiff is entitled to an award of attorney's fees and costs.

///

///

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a money judgment representing compensatory damages including lost wages, future loss wages, earnings, other employee benefits, and all other sums of money, together with interest on these amounts, according to proof at trial;

2. General damages, according to proof and in an amount in excess of the jurisdictional minimum of this Court;

3. For a money judgment for mental pain and anguish and emotional distress, according to proof at trial;

4. All other special and incidental damages according to proof;

5. For an award of attorney fees and costs according to proof pursuant to Title IIV;

6. That the Court grants Plaintiff a Jury Trial; and

7. For such other and further relief that the Court may deem just and proper.

DATED: September 25, 2019

Respectfully Submitted,
PAIRAVI LAW, P.C.

/s/ Edwin Pairavi
_____
BY:  Edwin Pairavi, Esq.
     Joshua M. Mohrsaz, Esq.
     Attorneys for Plaintiff,
     ROBERT GAUT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 25, 2019

Respectfully Submitted,
PAIRAVI LAW, P.C.

/s/ Edwin Pairavi

_____

BY: Edwin Pairavi, Esq.
Joshua M. Mohrsaz, Esq.
Attorneys for Plaintiff,
ROBERT GAUT